**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4533**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

WILLIAM VANCE STALLINGS,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  William L. Osteen, Jr., District Judge.  (1:19-cr-00552-WO-1)

Submitted:  July 20, 2021                                        Decided:  July 22, 2021

Before WILKINSON, AGEE, and DIAZ, Circuit Judges.

Affirmed and remanded by unpublished per curiam opinion.

J. Carlyle Sherrill, III, SHERRILL & CAMERON, PLLC, Salisbury, North Carolina, for Appellant.  Sandra J. Hairston, Acting United States Attorney, Nicole R. DuPre, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted William Vance Stallings of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and the district court sentenced him to 120 months' imprisonment. On appeal, Stallings challenges the district court's denial of his motion for a judgment of acquittal. *See* Fed. R. Crim. P. 29(a). Specifically, he argues that the evidence was insufficient to sustain a conviction under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), because the Government did not offer any evidence that he knew he was prohibited from possessing a firearm due to his prior felony convictions.

Stallings' argument is without merit. *See United States v. Tillmon*, 954 F.3d 628, 637 (4th Cir. 2019) (reviewing denial of motion for judgment of acquittal de novo). In *Rehaif*, the Supreme Court held that, to convict a defendant under 18 U.S.C. § 922(g), the government "must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it." *Rehaif*, 139 S. Ct. at 2194. The Court did not hold that the government must also prove that the defendant knew he was prohibited from possessing a firearm based on his status. *United States v. Moody*, ___ F.4th ___, ___, Nos. 19-4857/4869, 2021 WL 2546180, at *8-10 (4th Cir. June 22, 2021).

Because Stallings' sole argument on appeal is foreclosed by *Moody*, we affirm the district court's judgment. We remand the case, however, so that the district court may amend the judgment to correct a clerical error. *See* Fed. R. Crim. P. 36. Although the indictment charged Stallings with possession of a firearm and ammunition, the jury convicted him of possessing a firearm only. Accordingly, the judgment should be revised so that ammunition is not referenced in the nature of the offense.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED AND REMANDED*